Case 4:15-cv-01146   Document 26   Filed in TXSD on 12/29/15   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC ANTOINE REED, TDCJ #348853, | § § § | |
| Petitioner,[1] | § § | |
| v. | § § § | CIVIL ACTION NO. H-15-1146 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Eric Antoine Reed ("Reed") (TDCJ #348853) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles (the "Parole Board") (Docket Entry No. 1). The respondent, William Stephens, has filed Respondent's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 17). Reed has replied with an Objection to the Respondent's MSJ (Docket Entry No. 23). Reed has also filed a 1st Notice Request seeking relief (Docket Entry No. 16), a Motion Request for an Evidentiary Hearing

---

[1]The Petition identifies the petitioner as "Reed Eric Antoine" (Docket Entry No. 1, p. 1). In subsequent pleadings from both the petitioner and the respondent, it is evident that the petitioner's true name is Eric Antoine Reed. For purposes of clarifying the record, the court corrects the petitioner's name accordingly.

(Docket Entry No. 22), and a 2nd Motion Requesting for an Hearing (Docket Entry No. 24). After considering all of the pleadings and the applicable law, the court will grant Respondent's MSJ, deny the Motions filed by Reed, and dismiss the Petition for the reasons explained below.

## I. Procedural History

Reed is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction in the 209th District Court of Harris County, Texas, in cause number 352552.[2] On November 22, 1982, Reed entered a guilty plea to the charge of capital murder, which was reduced (on a motion by the state) to murder.[3] The trial court found Reed guilty as charged and sentenced him to life imprisonment.[4]

On April 27, 2015, Reed filed the pending Petition for relief under 28 U.S.C. § 2254.[5] Reed does not challenge his underlying conviction. He challenges an adverse decision by the Parole Board,

---

[2] Judgment, State Habeas Record, Writ No. 15,976-01, Docket Entry No. 18-1, p. 84.

[3] Id. at 79, 84.

[4] Id. at 84.

[5] Petition, Docket Entry No. 1. The undated Petition was received for filing on May 1, 2015. The accompanying Memorandum of Law in Support is dated April 27, 2015 (Docket Entry No. 2, p. 2). Using the date most favorable to the petitioner, the court uses the date found on the Memorandum of Law in Support as the filing date.

denying him release on parole on June 12, 2013.[6] Reed contends that he was denied parole in violation of Parole Board policy guidelines and the Fourteenth Amendment Due Process and Equal Protection Clauses.[7] Respondent argues in his MSJ that the Petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.[8]

## II. Discussion

### A. The One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). To the extent that Reed challenges an adverse decision by the Parole Board, the one-year statute of limitations began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

---

[6]Notice of Parole Panel Decision, State Habeas Record, Writ No. 51,976-03, Docket Entry No. 18-4, p. 29.

[7]Petition, Docket Entry No. 1, pp. 6-7.

[8]Respondent argues in the alternative that the Petition lacks merit. See Respondent's MSJ, Docket Entry No. 17, pp. 7-13. To the extent that Reed's claims were rejected on state habeas corpus review, he does not show that the state court's decision was unreasonable or that he is entitled to relief under 28 U.S.C. § 2254(d). Because the Petition is plainly barred by the statute of limitations, the court will not address the merits further.

Reed knew or could have discovered with the exercise of due diligence the facts underlying his claims upon receiving notice of the adverse parole decision on June 12, 2013. That date triggered the statute of limitations, which expired one year later on June 12, 2014. Reed's pending Petition, executed no sooner than April 27, 2015, is well outside the limitations period and must be dismissed unless there is some basis to toll the statute of limitations.

## B. Statutory Tolling

A "properly filed" state habeas corpus application tolls the AEDPA limitations period while that application is pending in state court. See 28 U.S.C. § 2244(d)(2). Reed filed a state application for a writ of habeas corpus on November 26, 2014,[9] which the Texas Court of Criminal Appeals denied on April 15, 2015.[10] This application does not toll the AEDPA statute of limitations because it was filed after the limitations period expired on June 12, 2014. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

---

[9]Application for a Writ of Habeas Corpus . . . Under Code of Criminal Procedure, Article 11.07, State Habeas Record, Writ No. 51,976-03, Docket Entry No. 18-4, pp. 5-22.

[10]Action Taken, State Habeas Record, Writ No. 51,976-03, Docket Entry No. 18-3, p. 1.

Reed has not alleged that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Furthermore, there is no showing of a newly recognized constitutional right upon which the Petition is based. See 28 U.S.C. § 2244(d)(1)(C). Accordingly, there is no statutory basis to save Reed's late-filed claims.

## C. Equitable Tolling

The AEDPA statute of limitations may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Reed has not articulated grounds for equitable tolling, and the court's own review of the record does not disclose any. After Reed was denied parole on June 12, 2013, he waited well over a year to initiate state habeas corpus review on November 26, 2014. He

offers no explanation for his delay. Equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. See, e.g., Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999).

Although Reed proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of [the] filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" generally do not justify equitable tolling).

Based on this record the court concludes that Reed's circumstances are not among those "rare and exceptional" conditions that warrant deviation from the express rules that Congress has provided. See Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000). Absent a valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case

was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent William Stephens' Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

2. Petitioner Eric Antoine Reed's 1st Notice Request seeking relief (Docket Entry No. 16), Motion Request for an Evidentiary Hearing (Docket Entry No. 22), and 2nd Motion Requesting for an Hearing (Docket Entry No. 24) are **DENIED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 29th day of December, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE